**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE YAHAIRA GASCA-GARCIA, | No. 13-70461 |
| Petitioner, | Agency No. A089-268-172 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Leslie Yahaira Gasca-Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her applications for cancellation of removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence determinations regarding good moral character. *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Gasca-Garcia is statutorily barred from establishing the good moral character necessary to qualify for cancellation of removal, where she gave false testimony under oath in immigration court with the subjective intent to obtain an immigration benefit. *See* 8 U.S.C. §§ 1101(f)(6), 1229b(b)(1)(B); *Ramos*, 246 F.3d at 1266 ("For a witness's false testimony to preclude a finding of good moral character, the testimony must have been made orally and under oath, and the witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits.").

Contrary to Gasca-Garcia's contentions, the agency's good moral character determination is not undermined by the fact that she did not ultimately gain a benefit from her false testimony, *see Ramos,* 246 F.3d at 1266 ("Whether [an alien] eventually received benefits because of the false testimony is irrelevant; the statute only refers to statements made 'for the purpose of obtaining' any immigration benefits, not that resulted in such benefits." (quoting 8 U.S.C. § 1101(f)(6))), or the fact that she ultimately testified truthfully when confronted with evidence that conflicted her false testimony, *see Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310

(9th Cir. 2010) (where an alien "recants only when confronted with evidence of his prevarication, the amelioration [of recantation] is not available," as "recantation must be voluntary and without delay" (citation and internal quotation marks omitted)).

To the extent Gasca-Garcia challenges the agency's denial of her application for voluntary departure, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Gasca-Garcia's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**